DANIEL S. ALDERMAN (SBN: 124133)
dalderman@ahcalaw.com
ALLISON R. HILGERS (SBN: 228862)
ahilgers@ahcalaw.com
**ALDERMAN & HILGERS, LLP**
888 South Figueroa Street, 16TH Floor
Los Angeles, California 90017
Telephone: (213) 992-8206
Facsimile: (213) 992-3272

Attorneys for Plaintiff, SPORTSPOWER LTD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPORTSPOWER, LTD., a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>SPORTS OH, LLC, a California limited liability company; WAYFAIR LLC, a Massachusetts limited liability company; DOES 1-10,<br><br>Defendants. | CASE NO.: SACV13-1522 CAS (AGRx)<br><br>*[Assigned to the Honorable           ]*<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL UNFAIR COMPETITION;**<br>**(2) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(3) TRADE DRESS INFRINGEMENT;**<br>**(4) FALSE DESIGNATION OF ORIGIN; AND**<br>**(5) UNFAIR BUSINESS PRACTICES *[CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200]***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SPORTSPOWER, LTD., ("Plaintiff"), by its attorneys, as and for its complaint against Defendants SPORTS OH, LLC and WAYFAIR LLC ("Defendants"), alleges, as follows:

## JURISDICTION AND VENUE

1. Plaintiff SPORTSPOWER, LTD., ("Plaintiff") files this action for federal unfair competition, federal trademark infringement, federal trade dress infringement, false designation of origin, and unfair business practices because Defendants have advertised, offered to sell and is selling trampolines on online retail stores under a confusingly similar mark as Plaintiff's registered trademark SPORTSPOWER (the "Registered Mark").

2. Plaintiff has never approved, authorized, consented or licensed defendants to use the Registered Mark. Defendants' merchandise is likely to cause confusion and to deceive consumers regarding its source and also infringes on Plaintiff's trade dress.

3. This Court has subject matter jurisdiction pursuant to 115 U.S. C. §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

4. This Court has personal jurisdiction over Defendant SPORTS OH as it resides in this district, has distributed or sold infringing merchandise within this State, and has sufficient minimum and continuous contacts with this State.

5. This court has personal jurisdiction over Defendant WAYFAIR as it contracted with SPORTS OH in this jurisdiction, sells products in this jurisdiction, and therefore has minimum contacts with this State.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because upon information and belief, part of the events or omissions giving rise to the claims occurred in this judicial district, and has caused damages to Plaintiff in this district.

## PARTIES

7. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a Hong Kong corporation.

8. Plaintiff alleges, upon information and belief, that Defendant SPORTS OH is now, and was at the time of the filing of this Complaint, a California limited

liability company residing and accepting service of process at 2140 S. Yale Street, Unit A, Santa Ana, CA 92704.

9. Plaintiff alleges, upon information and belief that defendant WAYFAIR is now, and was at the time of filing of this complaint, a Massachusetts limited liability company residing and accepting service at 177 Huntington Avenue, Suite 600, Boston, Ma 02115.

## GENERAL ALLEGATIONS

10. Plaintiff is the owner of the registered trademark "SPORTSPOWER" (the "Registered Mark"). SPORTSPOWER has been a Registered Mark since September 9, 2009 under U.S. Registration No. 3,689,452.

11. Plaintiff manufactures and sells exercise trampolines. The Registered Mark is displayed on Plaintiff's exercise trampolines as the name of the product brand. Plaintiff has been manufacturing and selling the exercise trampolines under the Registered Mark since 1996. Plaintiff sells its products on various online retail stores, including Walmart.com, Sears.com and other major retailers. In addition, plaintiff sells its products at major chains in the stores themselves.

12. Plaintiff has spent millions of dollars to promote the product on the market and build its reputation in the industry.

13. Approximately two years ago, Defendant Wayfair approached Plaintiff because it wanted to distribute a Sportspower trampoline. Plaintiff did not agree to allow Wayfair to distribute the trampoline. However, subsequently, Plaintiff discovered that SPORTS OH, without Plaintiff's consent, with the help and assistance of Wayfair is offering for sale and has been selling a product called Sports Oh Power Trampoline Super 7 Ft. Trampoline & Enclosure Combo (the "infringing trampoline") on and through various online retail websites, including eBay.com, Wayfair.com, Walmart.com, Sears.com, Dealtime.com, Priceviewer.com, Shopping.com, and Bizrate.com.

14. The products being sold by the defendants is advertised as a Sports Oh Power trampoline. The model being sold very closely resembles a current and well selling Sportspower model. It is evident that Sports Oh Power is confusingly similar to Sportspower and the name was used to try and infringe on Sportspower's sales.

15. Plaintiff believes SPORTS OH reached an agreement with WAYFAIR to act as a distributor for its trampoline product

16. Plaintiff has never given Defendants approval, authority, consent or license to use the Registered Mark in the sale and distribution of the infringing trampoline.

17. On July 22, 2013, Plaintiff's counsel sent a cease and desist letter to Defendant WAYFAIR, who was distributing the product notifying of its trademark infringement and advising that Plaintiff was pursuing legal action.

18. Defendant's advertisement, promotion, distribution, sale and offering to sell the infringing trampoline is likely to cause confusion or to cause mistake and/or deceive consumers who purchase Defendant's infringing trampoline.

### FIRST CLAIM FOR RELIEF
### Federal Unfair Competition
### Under 15 U.S.C. § 1125(a) [LANHAM ACT § 43(a)]

19. Plaintiff repeats paragraphs 1 through 18, above, and incorporate the allegations thereof as if herein set forth in their entirety in this cause of action.

20. Defendant's use of the words "Sports Oh Power" in the brand name of the infringing trampoline is in direct competition with Plaintiff's trampolines sold under the Registered Mark and constitutes unfair competition pursuant to 15 U.S.C. §1125(a).

21. Defendant's unfair competition has caused and/or will continue to cause irreparable injury and other damage to Plaintiff's business, reputation and goodwill

COMPLAINT
pg. 4

in its exercise trampolines sold under the Registered Mark, to which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Federal Trademark Infringement

### Under 15 U.S.C. § 1114 [LANHAM ACT § 43(a)]

22. Plaintiff repeats paragraphs 1 through 21, above, and incorporate the allegations thereof as if herein set forth in their entirety.

23. Defendant's actions described herein constitute direct trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

24. As a proximate result of Defendant's trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges upon information and belief that, as a proximate result of Defendant's trademark infringement, Defendant has unlawfully profited in an amount to be proven at trial.

25. At all relevant times herein, Defendant acted intentionally and/or willfully in putting on online advertising materials and listing for sale the infringing trampoline, knowing that the Registered Mark belonged to Plaintiff, that the goods actually sold were in fact not Plaintiff's products, and that Defendant was not authorized to use the Registered Mark to elicit sales for its products. Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. § 1117(a). Additionally, Defendant's knowing, intentional and/or willful actions make this an exceptional case entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

26. The acts of direct trademark infringement committed by Defendant have caused and/or will continue to cause Plaintiff irreparable harm unless they are enjoined by this Court.

///
///
///

## THIRD CLAIM FOR RELIEF

## Trade Dress Infringement

## 15 U.S.C. § 1125(a) [LANHAM ACT § 43(a)]

27. Plaintiff repeats paragraphs 1 through 26, above, and incorporate the allegations thereof as if herein set forth in their entirety.

28. Defendant's advertisement, promotion, distribution, sales and offers of sales of the infringing trampoline, as alleged in detail above, are prohibited by Section 43(a) of the Lanham Act and constitute trade dress infringement.

29. Defendant's false and misleading representations about the source or origin of its trampoline are likewise prohibited under Section 43(a).

30. Defendant's trade dress infringement has damaged and continues to damage Plaintiff in an amount to be proven at trial.

31. Because Defendant made and continues to make false and/or misleading representations of fact about the infringing trampoline in intentional disregard of their falsity and/or misleading nature, Plaintiff is entitled to an award of enhanced damages. Furthermore, this is an exceptional entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

32. The acts of Defendant making and continuing to make false and/or misleading representations of fact about the infringing trampoline have caused and/or will continue to cause Plaintiff irreparable harm unless they are enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

## False Designation of Origin

## 15 U.S.C. § 1125(a) [LANHAM ACT § 43(a)]

33. Plaintiff repeats paragraphs 1 through 32, above, and incorporate the allegations thereof as if herein set forth in their entirety.

///

34. In connection with Defendant's advertisement, promotion, distribution, sales and offers of sales of the infringing trampoline, Defendant has used in commerce, and continues to use in commerce the Registered Mark.

35. In connection with Defendant's advertisement, promotion, distribution, sales and offers of sales of the infringing trampoline, Defendant has applied and used false designations of origin and false and misleading descriptions and representations, including the Registered Mark, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of the goods which Defendants sell.

36. Defendants have used the Registered Mark with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiff.

37. Defendants use of the Registered Mark on the website of online retail stores and on the infringing trampoline constitutes false descriptions and representations tending falsely to describe or represent Defendant's product as being authorized, sponsored, affiliated or associated with Plaintiff.

38. Defendants have used the Registered Mark on the website of online retail stores and on the infringing trampoline with the express intent to cause confusion and mistake, to deceive and mislead the public, to trade upon the reputation of Plaintiff and to improperly appropriate the valuable trademark rights of Plaintiff.

39. Defendant's infringing acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent the infringing trampoline as that of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business

reputation and goodwill. Defendant will continue, unless restrained, to use a brand name that is confusingly similar to the Registered Mark, which will cause irreparable damage to Plaintiff. Because Plaintiff has no adequate remedy at law, Plaintiff is entitled preliminary and permanent injunctive relief ordering Defendant to cease further acts of false designation of origin. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from its unlawful conduct.

41. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's infringing acts. The full extent of the monetary damages that Plaintiff has suffered and/or is likely to suffer will be proven at trial.

42. Because of the willful nature of Defendant's infringing acts, Plaintiff is entitled to treble damages and reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a).

### FIFTH CLAIM FOR RELIEF
### Unfair Business Practices
### Cal. Bus. & Prof. Code Code § 17200 et seq.

43. Plaintiff repeats paragraphs 1 through 42, above, and incorporate the allegations thereof as if herein set forth in their entirety.

44. Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

45. Defendant's infringing acts as alleged herein constitute unfair business acts and/or practices within the meaning of Cal. Bus. & Prof. Code § 17200, et seq.

46. Defendant's conduct constitutes unfair business acts and/or practices because Defendants have unfairly used and infringed Plaintiff's Registered Mark while engaging in its business practice.

47. Defendant's conduct constitutes fraudulent business acts and practices because Defendants have deceptively and unfairly marketed, advertised, sold, and or distributed a product under a brand name that is confusingly similar to the Registered Mark.

48. As a direct and proximate result of Defendant's wrongful act, Plaintiff is likely to suffer and/or has suffered, and is likely to continue to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use the marks, and to deceptively and unfairly market, advertise, and promote its business all to the irreparable damage of Plaintiff. Because Plaintiff has no adequate remedy at law, pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition.

49. Plaintiff is further entitled to recover from Defendants the actual damages, including the disgorgement of profits associated with Defendant's unlawful business acts and practices, that it sustained and/or is likely to sustain as a result of Defendant's infringing acts. The full extent of the monetary damages that Plaintiff has suffered and/or is likely to suffer will be proven at trial.

50. Because of the willful nature of Defendant's infringing acts, Defendants are also liable to Plaintiff for an award of punitive damages.

## PRAYER FOR JUDGMENT AND RELIEF

1. A determination that defendants have violated plaintiff's trademarks.
2. General and statutory damages.
3. Treble damages and attorneys' fees.
4. Such other and further relief as the court deems just and proper.
5. A permanent injunction and other injunctive relief as may be appropriate.
6. Punitive damages

///

///

PLAINTIFF DEMANDS A JURY TRIAL

Dated: September 23, 2013.

                ALDERMAN & HILGERS, LLP

                By: _____
                    DANIEL S. ALDERMAN
                Attorneys for plaintiff, SPORTSPOWER, LTD.

COMPLAINT
pg.10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge      Christina A. Snyder      and the assigned Magistrate Judge is      Alicia G. Rosenberg      .

The case number on all documents filed with the Court should read as follows:

### 8:13CV1522 CAS AGRx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 27, 2013                      By   J.Prado
           Date                                   Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| SPORTSPOWER, LTD., a Hong Kong corporation, <br><br> *Plaintiff(s)* <br> v. <br><br> SPORTS OH, LLC, a California limited liability company, WAYFAIR LLC, a Massachusetts limited liability company, DOES 1-10 <br><br> *Defendant(s)* | ) ) ) ) ) ) Civil Action No. SACV13-1522 CAS (AGRx) ) ) ) ) ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Daniel S. Alderman, Esq.
        ALDERMAN & HILGERS, LLP
        888 S. Figueroa Street, 16th Floor
        Los Angeles, CA 90017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: SEP 27 2013

CLERK OF COURT

JULIE PRADO

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
SPORTSPOWER, LTD., a Hong Kong Corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
SPORTS OH, LLC, a California limited liability company; WAYFAIR LLC, a Massachusetts limited liability company; Roes 1-50

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Daniel S. Alderman, Esq. (SBN: 124133)
ALDERMAN & HILGER, LLP
888 S. Figueroa Street, 16th Floor
Los Angeles, CA 90017
T: (213) 992-8206
F: (213) 992-3272

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125(A), 15 U.S.C. 1114

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-1522**

CV-71 (09/13)                                    CIVIL COVER SHEET                                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | PLAINTIFF | DEFENDANT | |
| ☐ Yes  ☒ No | | | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims | Los Angeles | Ventura, Santa Barbara, or San Luis Obispo | Orange County | Riverside or San Bernardino | Outside the Central District of California | Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | *Western* |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** Daniel S. Alderman:  _[signature]_   DATE: September 24, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923). |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |